Filed 6/24/26  P. v. Johnson CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

| | |
|---|---|
| THE PEOPLE,<br>        Plaintiff and Respondent,<br><br>        v.<br><br>TYNEZ DASHIEK SHARON JOHNSON,<br>        Defendant and Appellant. | C104466<br><br>(Super. Ct. No. 62-203069A) |

Defendant Tynez Dashiek Sharon Johnson pled no contest to felony possession of a drug with two or more drug-related prior convictions and was granted four years formal probation.  Defendant contends, and the People agree, that the trial court erred because his conviction was subject to the two-year probation term limit under Penal Code section 1203.1, subdivision (a).[1]  We agree and shall modify the judgment to reduce the term and otherwise affirm the judgment.

**BACKGROUND**

In January 2025, defendant and a woman were arrested after they were found with drugs and drug paraphernalia during a probation search.  As a result, defendant was charged with felony possession of a hard drug with two or more drug related prior

---

[1]  Undesignated statutory references are to the Penal Code.

1

convictions (Health & Saf. Code, § 11395, subd. (b)(1), count one) and misdemeanor possession of drug paraphernalia (*id.*, § 11364, subd. (a), count three).[2]  The People also alleged that (1) defendant had drug convictions in 2009 and 2011 and (2) defendant was on bail at the time of the instant offense.

Defendant pled no contest to possession of a hard drug with two or more drug related prior convictions (count one) and admitted his prior convictions, and the court dismissed the remaining count upon the People's motion.  The court later suspended imposition of the sentence and granted defendant four years' formal probation, with defendant agreeing to all the terms of probation, including its length.

Defendant timely appealed and was granted a certificate of probable cause.

## DISCUSSION

Defendant claims, and the People concede, that the four-year probationary term was unauthorized under Assembly Bill No. 1950 (2019-2020 Reg. Session) (Assembly Bill No. 1950).

Effective January 1, 2021, Assembly Bill No. 1950 amended Penal Code section 1203.1 to limit the maximum probation period for felony offenses.  (*People v. Kite* (2023) 87 Cal.App.5th 986, 992.)  Under prior law, "the length of felony probation could not exceed five years or the maximum possible sentence of imprisonment, whichever was longer."  (*Ibid.*)  Now, the statute provides that, with certain exceptions not applicable here, felony probation "may continue for a period of time not exceeding two years." (§ 1203.1, subd. (a); see also *People v. Shelly* (2022) 81 Cal.App.5th 181, 185.)  Because the trial court imposed a term of probation in excess of section 1203.1's normal two-year limit, we will reduce the term to comply with that limit.  (See *People v. Prudholme*

---

[2]  Count two was alleged against the woman who was with defendant at the time of the arrest.

2

(2023) 14 Cal.5th 961, 979 [reducing probationary term to two years to comply with Assembly Bill No. 1950, without remand to trial court].)

## DISPOSITION

The judgment is modified to reduce the length of the probation term to two years. As modified, the judgment is affirmed. The trial court is directed to correct the order granting probation to reflect this modification and provide the probation department with a copy.

/s/ _____
WISEMAN, J.*

We concur:

/s/ _____
EARL, P. J.

/s/ _____
RENNER, J.

---

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.